CLEMENT, State Excise Com'r, v. HARDEN.

(Steuben County Court. January 16, 1909.)

1. INTOXICATING LIQUORS (§ 254*)—SEIZURES—COSTS.

    Since Liquor Tax Law (Laws 1896, p. 45, c. 112) § 31c, as amended by Laws 1908, p. 1041, c. 350, providing that any person may begin proceedings for the seizure of liquors, and that on the joining of issue the state commissioner of excise shall become the plaintiff in the action for the trial of the same, is silent on the question of costs, neither party is entitled to recover costs.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 393; Dec. Dig. § 254.*]

2. INTOXICATING LIQUORS (§ 244*)—SEIZURES—NATURE OF PROCEEDINGS.

    Proceedings for the seizure of intoxicating liquors under Liquor Tax Law (Laws 1896, p. 45, c. 112) § 31c, as amended by Laws 1908, p. 1041, c. 350, partake of the nature of search warrant proceedings instituted under the Code of Criminal Procedure up to the time of joining issue, and after that they are governed by the rules of a civil action.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 364; Dec. Dig. § 244.*]

Proceedings by Maynard N. Clement, as State Commissioner of Excise, for the seizure of certain intoxicating liquors, wherein Thomas

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. Harden appeared and answered as defendant. Motion by defendant for costs. Motion denied.

Walter E. Knapp and W. P. Borden, for plaintiff State Excise Com'r.

Monroe Wheeler and James A. Parsons, for defendant Thomas E. Harden.

BURRELL, J. This case was tried at the Trial Term of the County Court on issue duly joined as provided by section 31c of the liquor tax law of the state of New York (Laws 1896, p. 45, c. 112), relating to the seizure of certain liquors, as amended by the laws of 1908 (Laws 1908, p. 1041, c. 350). Certain liquors were seized, and the defendant Harden, who was the owner of the liquors, filed his verified answer, and the issues were tried before a jury on December 1, 1908, and the jury rendered a verdict in favor of the defendant. This motion is now made on behalf of the answering defendant under section 3230 of the Code of Civil Procedure, claiming that in a proceeding of this kind costs can be awarded in the discretion of the court. The liquor tax law, in so far as it relates to the search and seizure of liquors and the procedure thereon, is silent on the question of costs to either party. It seems to me that, if it had been the intention of the Legislature to allow costs in these proceedings, some provision would have been made in the law for it. There being no such provision, I am of the opinion that neither party is entitled to recover costs. "The right to costs and the liability therefor depend upon the provisions of the statute under which such a proceeding is brought." 23 Cyc. p. 291.

The statute provides that any person may begin these proceedings, and that, upon the joining of issue, the state commissioner of excise shall become the plaintiff in the action for the trial of the same. It seems to me that, if the Legislature intended that any costs should be granted, it would not have provided that the state commissioner should become a party and thus risk the state's funds in the trial of actions of which the state commissioner knew nothing until he was involuntarily made a party. These proceedings partake of the nature of search warrant proceedings instituted under the Code of Criminal Procedure up to the time of joining the issue, and after that it is governed by the rules of a civil action. After a careful reading of the statute, I am satisfied that the intent of the Legislature was to allow no costs in proceedings under this section.

The motion should be denied. Ordered accordingly.